# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

---

MARY L. McKENNA, as Temporary Administratrix, etc., of JOHN P. O'NEIL, Deceased, Respondent, v. THOMAS BOLGER, Appellant.

49h 259
59ad524

*A party in interest is competent to testify that he was not present with a deceased person at a time or place at which another witness has testified that he was — but not that he did not make certain statements to the deceased, although such evidence be offered only to contradict the other witness.*

Appeal from a judgment in favor of the plaintiff, entered on the verdict of a jury.

This action was commenced for the purpose of compelling the payment of $1,666, with interest from the 13th of October, 1877. The claim for which arose as follows: The plaintiff's intestate, John P. O'Neil, one McCandless and the defendant were interested in the Mount Kisco farm, a piece of property in Westchester county in the State of New York, in the management of which large sums of money had been expended on joint account and without success in a pecuniary sense. The defendant had, it appeared from the evidence, made most of these expenditures, and the intestate, who declared himself unable to bear the burden longer, offered to sell his interest to the defendant for the sum already named, and the offer was accepted.

The court at General Term said: "On the former argument the exception considered and declared to be well taken was that relating to the question put to the defendant in regard to the evidence of the witness Tobias, who had testified that he was present when the agreement to purchase was made or accepted or both, and sought to contradict him in that respect. It was as follows: 'Did you promise Mr. O'Neil, in the presence of Mr. Tobias, at that time that you would give him (O'Neil) $1,666 for his one-third interest.' It had been previously decided, substantially on principle, in accordance

with the rule of the adjudged cases as construed that such a question was proper. It was regarded as an extrinsic fact not involving a transaction with the deceased, but solely as a contradiction of the witness and, therefore, admissible (see this case, 37 Hun, 526), and hence the opinion heretofore delivered. A close examination of the cases, however, has resulted in the conviction that when the court of last resort declared extrinsic facts to be admissible it meant only a certain class of facts limited and restricted. For example, the defendant might testify that he was not present at the time and place mentioned by the witness when the alleged conversation took place or the contract was said to have been made. Such a question would not involve a personal transaction with the deceased, but a conflict between the witness and the defendant. The court put it thus in a kindred case : ' We think that Mr. Orth, for instance, was competent to testify that he was not in the city of New York at the time referred to by the witness, or that the witness was at some other place, or that he never met the witness at the office where the conversations are alleged to have occurred; and on the same principle we see no reason why he should not have been allowed to testify that the witness was never present at that office when any conversation took place between Mr. Orth and the deceased, so long as he refrained from testifying as to anything that was or was not said between him and the deceased.' (*Pinney* v. *Orth*, 88 N. Y., 451, 452).

" Here, however, the question is much broader, for the reason that it embraces more than the fact suggested. It is whether the defendant promised, in the presence of Mr. Tobias at the time mentioned, that he would give the deceased $1,666 for his one-third interest. This was asking as to something that was or was not said between him and the deceased, and comes directly within the prohibition stated. (See, also, *Lewis* v. *Merritt*, 98 N. Y., 206.) The contradiction of the witness herein would seem, at first blush, to be within the rule laid down, but its analysis demonstrates the error of this view. If the question relates directly to and embraces *in haec verba* what was said, it must be rejected, while all negations tending to show that the evidence sought to be overcome must be false may be used. Such, for example, as that no such conversation as stated occurred, or that the witness was not present at any conversation between the parties on the subject-matter of the action. In

other words, while you may permit a negation which tends to contradict the testimony, even although it also tends to negative a personal transaction with the deceased, you cannot embrace in the question any statement of the subject-matter. The conversation may be referred to for the purpose of denying its occurrence, but you must rest there. The line is shadowed, but, nevertheless, at length, is distinctly visible. For these reasons the question rejected was properly disposed of."

*John T. Fenton,* for the appellant.

*M. J. McKenna,* for the respondent.

Opinion by Brady, J.; Van Brunt, P. J., and Daniels, J., concurred

Judgment affirmed.